# Third District Court of Appeal

**State of Florida**

Opinion filed July 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1007
Lower Tribunal No. 85-25037
_____

**Samuel Rivera,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

Samuel Rivera, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

SCALES, J.

On April 29, 2016, Appellant Samuel Rivera filed with this Court a "Notice for Belated Appeal Nunc Pro Tunc Motion." We grant Appellee State of Florida's motion to dismiss this motion. We dismiss Rivera's related May 26, 2017 "Motion to Deny the State Attorney General's Motion to Dismiss." Further, we issue an order to show cause as described below.

ORDER TO SHOW CAUSE

In 1987, Rivera was convicted of first degree murder and armed robbery. His conviction and life sentence on the first degree murder count were upheld on direct appeal, although his sentence for armed robbery was reversed by this Court with an order to re-sentence Rivera on this count. Rivera v. State, 526 So. 2d 1046 (Fla. 3d DCA 1988). The trial court re-sentenced Rivera in 1989. Since then, Rivera has filed twelve post-conviction appeals and petitions with this Court.[1] After Rivera filed similar motions and petitions in the circuit court, the circuit court issued a November 2012 order requiring Rivera to show cause as to why Rivera should not be barred from filing future pro se pleadings. After Rivera filed

---

[1] Rivera v. State, 189 So. 3d 780 (Fla. 3d DCA 2015) (table); Rivera v. State, 162 So. 3d 1021 (Fla. 3d DCA 2014) (table); Rivera v. State, 117 So. 3d 423 (Fla. 3d DCA 2012): Rivera v. State, 112 So. 3d 495 (Fla. 3d DCA 2013) (table); Rivera v. State, 109 So. 3d 1168 (Fla. 3d DCA 2013) (table); Rivera v. State, 83 So. 3d 734 (Fla. 3d DCA 2012) (table); Rivera v. State, 49 So. 3d 1278 (Fla. 3d DCA 2010) (Table); Rivera v. State, 31 So. 3d 789 (Fla. 3d DCA 2010) (table); Rivera v. State, 12 So. 3d 233 (Fla. 3d DCA 2009) (table); Rivera v. State, 795 So. 2d 70 (Fla. 3d DCA 2001) (table); Rivera v. State, 639 So. 2d 1124 (Fla. 3d DCA 1994); Rivera v. State, 581 So. 2d 1325 (Fla. 3d DCA 1991) (table).

a response, the trial court entered a December 21, 2012 order prohibiting Rivera from filing further pro se pleadings in lower court case number 85-25037.

It appears that Rivera's purported belated appeal in the instant case is an effort to appeal not only Rivera's original conviction, but also the trial court's 2012 show cause order and the resulting prohibition order preventing Rivera from further pro se filings. Rivera has already unsuccessfully appealed the trial court's 2012 show cause and sanctions orders,[2] as well as his original conviction. We, therefore, grant the State's motion and dismiss the instant case.

Further, Rivera is hereby directed to show cause, within forty-five days from the date of this order, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 85-25037.

If Rivera does not demonstrate good cause, any such further and unauthorized filings by Rivera will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2015).

State's motion granted; Rivera's motion dismissed. Order to show cause issued.

---

[2] Rivera v. State, 109 So. 3d 1168 (Fla. 3d DCA 2013).

3